UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **JESSICA VIATOR** | * | **CIVIL ACTION NO. 06-0982** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | * | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by defendant, the Commissioner of Social Security ("Commissioner"), on April 5, 2007. [rec. doc. 9]. Plaintiff, Jessica Viator ("Viator"), filed opposition on June 19, 2007. [rec. doc. 15]. The Commissioner filed a reply to the opposition on June 26, 2007. [rec. doc. 16]. Based on the following reasons, it is recommended that the motion be **GRANTED**.

### Background

Viator filed an application for supplemental security income benefits, which was denied initially and on reconsideration. After a hearing, the Administrative Law Judge ("ALJ") issued a decision denying Viator's claim for benefits on April 22, 2004. Plaintiff then filed a request for review with the Appeals Council. At the time of these events, claimant was represented by attorney Darrell J. Hartman ("Hartman").

According to Viator, on May 6, 2002, she went to Hartman's office and signed paperwork to allow him to file an appeal in district court. [rec. doc. 15, p. 1]. On May 8, 2002, Hartman was killed in an automobile accident. On June 18, 2002, the Appeals Council denied review, and sent a copy of the notice to Viator, with a copy to her representative, in accordance with its ordinary course of business. [rec. doc. 9, Declaration of Patrick J. Herbst, Court Case Preparation and Review Branch 4, Office of Disability Adjudication and Review, Social Security Administration, ¶ (3)(a)]. The notice stated that Viator had the right to commence a civil action within sixty (60) days from the date of receipt.

On June 7, 2006, Viator, through her attorney, Jermaine D. Williams, filed a Complaint with this Court seeking review of the denial of her application for disability benefits. On April 5, 2007, the Government filed the instant motion to dismiss on the ground that Viator's complaint was untimely filed under 42 U.S.C. § 405(g). [rec. doc. 9].

## Legal Analysis

The Government argues that Viator's action is time-barred because it was filed more than 60 days after she received notice of the Appeals Council's denial of review. 42 U.S.C.A. § 405(g) provides, in pertinent part, as follows:

> (g) Judicial review
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.*

(emphasis added).

The Commissioner has promulgated regulations explaining the meaning of "mailing"; the regulations clarify that a civil action must be commenced within sixty days after the Appeals Council's notice of denial of request for review "is received by the individual." *Flores v. Sullivan*, 945 F.2d 109, 111 (5th Cir. 1991) (citing 20 C.F.R. § 422.210(c)). The 60-day requirement is not jurisdictional, but rather constitutes a period of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). Congress has authorized the Commissioner to extend the 60-day limit where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480, 106 S.Ct. at 2030 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18 (1976)).

Here, claimant argues that the Court should toll the limitations period because Hartman's death prevented Viator from suing.[1] [rec. doc. 15, pp. 3-4]. The evidence of record reflects that the Appeals Council issued its decision on June 18, 2002 and sent a copy to Viator, with a copy to her representative. Hartman died about May 8, 2002, which was over a month prior to the Appeals Council's decision. However, Viator did not retain new counsel and file her Complaint with this Court until June 7, 2006, which was almost two years past the limitations period. The record is absent any indication that Viator requested an extension of the deadline for filing.

Even if the Court were inclined to toll the limitations period, the undersigned finds that two years is too long. Where any party sits on its rights, equity will not intervene to relieve the party from the consequences of its actions. *In re Friesenhahn* 169 B.R. 615, 621 (Bankr. W.D.Tex. 1994). Accordingly, I recommend that the motion to dismiss be granted.

## Conclusion

For the reasons set forth above, the undersigned recommends that motion to dismiss be **GRANTED**, and that plaintiff's claims be **DISMISSED**.

---

[1] Viator cites the doctrine of *contra non valentum* to toll the limitations period. However, this doctrine applies to Louisiana state law claims. *Henry v. Cisco Systems, Inc.*, 106 Fed.Appx. 235, 239, 2004 WL 1730107, *2 (5th Cir. 2004).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 28th day of June, 2007, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE